### HERON v. THE MARCHIONESS.[1]

#### (District Court, N. D. Florida. March 14, 1889.)

1. WHARVES—LIABILITY FOR WHARFAGE—MOORING FOR SAFETY.
   When a ship is compelled by stress of weather to moor to a wharf for safety of itself and timber raft, it thereby subjects itself to a charge for wharfage.
2. SAME—COMPENSATION.
   In such case, if the wharf-owner libels to recover wharfage, the amount allowed will be the customary charge for wharfage, and will not be predicated on the danger to the wharf or salvage benefit to the ship or timber.

In Admiralty. Libel for wharfage.
*John C. Avery*, for libelant.
*Blount & Blount*, for claimants.

TOULMIN, J. It appears that the libelant was the owner and operator of a wharf used as a mooring place for vessels and timber at Pensacola, and that the ship Marchioness was driven by severe wind or came near and was moored to said wharf, with several hundred pieces of timber which the vessel had in charge, and which were secured by the vessel being made fast to the wharf. While the position in which the ship found herself at the time she made fast to the wharf might not have been voluntary, her making fast to it was a voluntary act, and, the wharf being there for that purpose, the law implied a contract to pay a reasonable compensation for the use of the wharf for mooring purposes. *The Dora Mathews*, 31 Fed. Rep. 619; *The Whitburn*, 7 Fed. Rep. 925; *Packet Co. v. Aiken*, 16 Fed. Rep. 895.

In allowing wharfage in this case I do not think I should consider the danger to the wharf, under the circumstances of the particular case, but should award a reasonable wharfage charge, according to the usages and customs of this port as shown by the evidence in the case. I do not think I should be influenced by the consideration that the wharf might have been greatly damaged, or because there was a'storm prevailing at the time. The libelant does not, indeed, could not, claim in this proceeding, or one of like character, compensation for the service rendered in saving the vessel and timber from loss or damage, or for damage to his wharf, if there was any, but claims, what in my judgment he has a right to claim, reasonable compensation in the nature of wharfage. To determine what is reasonable wharfage in this case, I must ascertain what it is usual to charge for furnishing a mooring place for ships and timber like that in question. It seems from the proof that the charge as to

---

[1] Reported by Peter J. Hamilton, Esq., of the Mobile bar.

the ship is regulated by the tonnage of the vessel, and the charge for timber is so much per stick; and it seems that this charge is made whether the vessel is at the wharf one hour, one day, one week, or more. In this instance the vessel was moored to the wharf less than one day. My opinion is that, under the allegations of the libel and on the proof, the libelant is entitled to a decree. The exceptions to the libel are overruled, and a decree will be entered for $60.41, and costs.